IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL A. LEE,**

      Petitioner,

v.                          **CIVIL ACTION NO. 1:10cv176**
                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 14, 2010, the *pro se* petitioner, Paul A. Lee, a convicted felon, who was released from the custody of the Bureau of Prisons on April 16, 2010, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on the same date. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

On November 16, 1994, the petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 and two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). See 5:94CR96. The petitioner was sentenced on January 30, 1995 to 200 months imprisonment on each count, to run concurrently and eight (8) years of supervised release. Additionally, on January 30, 1995, the petitioner's supervised release on a prior conviction (5:89CR273) was revoked and the court sentenced the petitioner to fourteen months incarceration to be served consecutively to the 200 month sentence imposed in criminal action 5:94CR96. On July 23, 1999, the petitioner filed a *pro se* motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in Criminal Action No. 5:89CR273. In Support of his motion, the petitioner alleged several grounds for

relief including that his original sentence of five years supervised release violated the sentencing guideline and he was denied effective assistance of counsel. On February 28, 2000, the petitioner's § 2255 motion was denied as untimely.

### III. Claims of the Petition

In support of his § 2241 petition before this Court, the petitioner alleges that his rights were violated because he pleaded guilty to a cocaine offense but was sentenced for cocaine base. He also alleges that he was denied the effective assistance of counsel because his counsel did not object to the sentence for cocaine base. The petitioner also alleges that the court violated Rule 11 by not objecting to the plea agreement and by sentencing for cocaine base instead of cocaine. He asks the court to vacate his illegal sentences.

### IV. Analysis

**A. Lack of Jurisdiction**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type pf detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks an order vacating "his illegal sentences." (Doc. 1, pg. 7). Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner

attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's §2241 petition which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that §2255 is an adequate or ineffective remedy, and he has improperly filed a §2241 petition.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petition be **DENIED and DISMISSED WITH PREJUDICE.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: October 18, 2010.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE